IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| EDWARD G. NEWMAN JR., individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> FEDERAL GOVERNMENT ADVISORS LLC, a Florida limited liability company, <br><br> *Defendant.* | Case No. <br><br> CLASS ACTION COMPLAINT <br><br> DEMAND FOR JURY TRIAL |

Plaintiff Edward G. Newman Jr. ("Plaintiff" or "Plaintiff Newman Jr.") brings this Class Action Complaint and Demand for Jury Trial against Defendant Federal Government Advisors LLC ("Defendant" or "Federal Government Advisors"), to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by making pre-recorded calls to consumers' cellular telephone numbers without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Newman Jr., for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Newman Jr. is a resident of Devine, Texas.

2. Defendant Federal Government Advisors is a Florida limited liability company, headquartered in Tampa, Florida. Defendant conducts business throughout this District, Florida, and the United States.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District.

## INTRODUCTION

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that Americans were receiving more than 18 million calls every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, Americans were receiving more than 100 million calls every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10. According to online robocall tracking service "YouMail," 4.3 billion robocalls were placed in June 2022 alone, at a rate of 144.3 million calls per day. www.robocallindex.com. (Last checked July 27, 2022).

11. The FCC also has received an increasing number of complaints about unwanted calls, with over 150,000 complaints in 2020, and over 160,000 complaints in 2021. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Defendant Federal Government Advisors provides contract consulting services as a fee to businesses in securing federal government contracts.[3]

15. Defendant Federal Government Advisors places pre-recorded voice calls to cell phones, despite having never obtained the necessary consent required to place such calls.

16. Other consumers have also posted complaints online about receiving similar calls from Defendant Federal Government Advisors, including the exact same pre-recorded calls Defendant sent to Plaintiff Newman Jr., for instance:

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/federal-government-advisors-llc/about/

-     Hi, this is Eric Smith from F G H consulting. I was calling you in regards to some tech contracts both private and public they're gonna be on our radar soon and we're looking for some more competent it and system contract systems contractors to work on some of these future projects. Anyway, if you're interested in and aggressive expansion with us call 813-722-1282 and speak to one of my contract advisers again. This is Erick Smith from F T a look us up we're involved in a lot of government and private projects anyway, thanks and once more 813-722-1282 thanks.

  Typical Message Mentioning (813) 722-1282

  Hi, this is Eric. Hi, this is Eric. Hi, this. Hi, this is Eric Smith from F G H consulting. I was calling you in regards to some tech contracts both private and public they're going to be on our radar soon and we're looking for some more competent it and system contract systems contractors to work on some of these future projects. Anyway, if you're interested in getting aggressive expansion with us call 813-722-1282 and speak to one of my contract advisers again. This is Erick Smith from F T a look us up we're involved in a lot of government and private projects anyway, thanks and once more 813-722-1282 thanks.[4]

-     JimBob
  24 Jun 2022

  Text message: "Eric just left you a message. We wanted to speak to you about contracts similar to what you've already won under the CAGE code [redacted] and position you for more of the same. Jeffrey Creek | contract.consulting"

  Came in at exact same time as a no-ring straight to voicemail from 813-859-5516. Voicemail: "Hi this is Eric Smith with Federal Government Advisors. My partner, Jeffrey Cheek wanted to speak to you about some medical supply contracts fairly similar to the ones you've already won with the federal government. If you'd like to see more or learn more with us, call or text I'll send you a text in a moment and we'd love to work with you in the future thanks a lot."

  Caller: Federal Government Advisors
  Call type: Telemarketer[5]

---

[4] https://directory.youmail.com/directory/phone/8137221282
[5] https://800notes.com/Phone.aspx/1-813-861-7520

- 



> "Hey this is Eric Smith with SGA I was just reaching out to you here because obviously you're a contractor and you need some prerequisites that would probably make you a good fit for a go out of contract we're going to be involved in the near future anyway if you have the bandwidth and desire to expand a I'd like you to speak to one of my contract advisors at 813-771-2993 <u>again this is Eric Smith with federal government advisors</u> and if you're interested in learning what kind of contracts are available public and private coming up soon to call us and we can see how we can possibly work together and plug-in and once again 813-771-2993 thanks…"
>
> Caller: Networking?

- [8]

## PLAINTIFF NEWMAN JR.'S ALLEGATIONS

17. Plaintiff Newman is the sole user and the subscriber of the phone number ending 7363.

18. The phone number ending 7363 is a cell phone number.

19. On July 14, 2022, at 11:48 AM, Plaintiff Newman Jr. received a call on his cell phone from the phone number 813-722-1282. Plaintiff did not answer the call and received a pre-recorded voicemail from Defendant Federal Government Advisors, which said:

> "… and we're looking for some more competent IT and system contract systems contractors to work on some of these future projects. Anyway, if you're interested in an aggressive expansion with us call 813-722-1282 and speak to one of my contract advisors. Again, this is Eric Smith from FGA look us up we're involved in a lot of government and private projects anyway, thanks and once more 813…."

---

[8] https://800notes.com/Phone.aspx/1-813-820-6420

 

20. On calling the phone number 813-722-1282, it is answered by an automated system which identifies as Defendant Federal Government Advisors and gives an option to connect with one of Defendant's salespersons, and on connecting with a salesperson, they solicit callers to purchase Defendant's services, and/or gather information from the callers to solicit Defendant's services to them in the future.

21. The purpose of Defendant's call was to advertise its business services.

22. Plaintiff Newman Jr. never consented to receiving solicitation calls from Defendant Federal Government Advisors and did not have any business relationship with the Defendant.

23. The unauthorized telephone call placed by Defendant, as alleged herein, has harmed Plaintiff Newman Jr. in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear

and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

24. Seeking redress for these injuries, Plaintiff Newman Jr., on behalf of himself and Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., which prohibits placing unsolicited prerecorded calls to consumers phone numbers.

## CLASS ACTION ALLEGATIONS

25. Plaintiff Newman Jr. brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

> **<u>Pre-recorded No Consent Class:</u>** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent on Defendant's behalf) called on their cellular telephone number (2) using a pre-recorded voice message, (3) for substantially the same reason Defendant called Plaintiff.

26. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated

and/or released. Plaintiff Newman Jr. anticipates the need to amend the Class definitions following appropriate discovery.

27. **Typicality and Numerosity**: Plaintiff is a member of all the Class, and on information and belief, there are hundreds, if not thousands of members of the Class, all of which received calls from Defendant as part of a single telemarketing campaign, and joinder of all members is impracticable.

28. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether the Defendant or an agent calling on behalf of the Defendant placed calls using pre-recorded voice messages to the Plaintiff and other members of the Pre-recorded No Consent Class without first obtaining their express written consent to place such calls;

(b) whether Defendant's conduct violated the TCPA;

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

29. **Adequate Representation**: Plaintiff Newman Jr. will fairly and adequately represent and protect the interests of the Class, and has retained counsel

competent and experienced in class actions. Plaintiff Newman Jr. has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Newman Jr. and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Newman Jr. nor his counsel have any interest adverse to the Class.

30. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, and thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Newman Jr. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

# FIRST CLAIM FOR RELIEF
## Telephone Consumer Protection Act
## (Violation of 47 U.S.C. § 227)
## (On Behalf of Plaintiff Newman Jr. and the Pre-recorded No Consent Class)

31. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein

32. Defendant, or an agent calling on behalf of the Defendant, placed unwanted solicitation telephone calls to Plaintiff Newman Jr. and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

33. These pre-recorded voice calls were made *en masse* without the prior express written consent of Plaintiff Newman Jr. and the other members of the Pre-recorded No Consent Class.

34. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Newman Jr., and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation, as well as injunctive relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Newman Jr. individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class, as defined above; appointing Plaintiff Newman Jr. as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Newman Jr. requests a jury trial.

DATED this 13th day of September, 2022.

Respectfully Submitted,

**EDWARD G. NEWMAN JR.**, individually and on behalf of those similarly situated individuals

By: /s/ *Stefan Coleman*

Stefan Coleman
law@stefancoleman.com
Coleman PLLC
66 West Flagler Street
Suite 900

Miami, FL 33130
Telephone: (877) 333-9427

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*